IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RICHARD MORRISON,  :
:
    Plaintiff,  :
:
vs.  :  Civil Action No.
:  **7:07-CV-99 (HL)**
MICHAEL J. ASTRUE,  :
Commissioner of Social Security,  :
:
    Defendant.  :

**RECOMMENDATION**

The plaintiff herein, who is proceeding *pro se*, filed an application for disability insurance benefits and Supplemental Security Income benefits on January 21, 2004. The Social Security Administration denied the claim initially and on reconsideration, and plaintiff requested a hearing before an Administrative Law Judge, which was held on June 13, 2007. The ALJ then entered an order denying plaintiff's claim on June 20, 2007. Plaintiff sought review of that decision before the Social Security Appeals Council. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703

F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis,

2

further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of degenerative joint disc disease of the shoulders and fibromyalgia which precluded him from performing his past relevant work, but that he retained the residual functional capacity to perform a reduced range of light work that exists in significant numbers in the national economy.

*Vocational Expert*

Plaintiff makes the argument that his physical impairments, degenerative joint disease of the shoulder and fibromyalgia, along with his lack of education make it impossible for him to seek gainful employment.

However, the ALJ had a vocational expert testify at the hearing that a person with plaintiff's physical impairments, prior work experience, and education, which in plaintiff's case is a GED, could perform some light, unskilled work, including parking lot cashier, photo finisher, and production line assembler. (Tr. 320-321).

*Residual Functional Capacity*

Plaintiff states that he only has the ability to lift ten pounds frequently and 20 pounds occasionally, and that he has further limitations on pushing and pulling with both arms and legs and should avoid exposure to hazards such as unprotected heights and moving machinery.

The Commissioner does not dispute plaintiff's statement. However, plaintiff's argument is consistent with the ALJ's residual functional capacity finding (Tr. 17, finding no. 5). The ALJ specifically found plaintiff had the ability to lift and carry ten pounds frequently and twenty

3

pounds occasionally (Tr. 17, finding no. 5), which is consistent with plaintiff's statement of his own limitations. Pl.'s Br. at 1. The ALJ's residual functional capacity finding is also consistent with the medical evidence and with the functional assessment completed by Dr. Lee, the consultative examiner (Tr. 273-75).

Furthermore, this assessment was used in the hypothetical posed to the vocational expert. (Tr. 320-321). When utilizing a vocational expert, the hypothetical posed to the expert must comprehensively describe the claimant's impairments. Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985).

*Side Effects*

Plaintiff states that the medication he presently takes to alleviate pain has side effects such as sleepiness and making him feel as if he is half out of his mind. Pl.'s Br. at 2. Plaintiff, however, failed to provide evidence to support his allegations of side effects from his medications, particularly for any noteworthy length of time. See Cherry v. Heckler, 760 F.2d 1186, 1191 n.7 (11th Cir. 1985); Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992); French v. Massanari, 152 F. Supp. 2d 1329, 1337-38 (M.D. Fla. 2001) (remarking on the "notable absence" of any complaints to physicians about side effects). Plaintiff cites his own testimony regarding side effects (Pl.'s Br. at 1) but the medical records do not indicate that he consistently complained of or had side effects from his medications that would interfere with his ability to work. Although plaintiff told Dr. Pitts that he "takes so many Advil or Tylenol that he goes out of his mind and doesn't know whether he is coming or going" (Tr. 222), Dr. Pitts diagnosed him as a malinger and said he was poorly motivated to work (Tr. 223). Plaintiff's medical records do not indicate that he told his other physicians about the side effects caused by Advil and Tylenol

(Tr. 214-16, 221-23, 256, 260, 261, 263, 267, 268-75, 277). Moreover, the clinical notes of Dr. Cleveland, Dr. Pitts, and Dr. Lee do not indicate that plaintiff consistently complained of or had such side effects from his medications (Tr. 214-16, 221-23, 268-75). "Absent some reference to side effects of medication in the treatment notes, it was not error for the ALJ to discount Plaintiff's testimony on the issue." Jones v. Bowen, 810 F.2d 1001, 1004 (11th Cir. 1986).

*Credibility*

Plaintiff asserts that the ALJ improperly discounted his complaints of disabling pain and other symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability. Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability. Holt v. Sullivan, supra at page 1223; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility.

"[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action. When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision." Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

The ALJ specifically addressed plaintiff's credibility, and found that the objective medical evidence did not confirm the severity of the alleged pain or other subjective symptoms

Plaintiff states he experienced pain so severe that he could not get out of the bed at times and the doctors truly didn't know what is wrong with him. Pl.'s Br at 2. The ALJ stated it was difficult to attribute the degree of limitation to plaintiff's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence (Tr. 20). Michael R. Pitts, Psy.D., performed a psychological consultative examination in September 2004 (Tr. 221-23). Dr. Pitts diagnosed plaintiff with malingering and personality disorder (Tr. 223). On examination, plaintiff ambulated slowly and tentatively and presented as somewhat groggy (Tr. 223). Plaintiff put on a bewildered effect (Tr. 223). Dr. Pitts reported that plaintiff was quite dramatic in his presentation and in his story (Tr. 223). Dr. Pitts reported that he found numerous inconsistencies in his
examination and assessed malingering (Tr. 223). Despite Plaintiff's complaints of severe pain, an x-ray of Plaintiff's shoulder showed no abnormality in the joints (Tr. 259). There was a small amount of spurring that could cause some impingement upon the rotator cuff (Tr. 259).

In July 2006, Dr. William Tidmore said he did not think plaintiff had rheumatoid arthritis despite a positive rheumatoid factor because of the lack of response to steroids, negative CCP, SED rate and x-rays (Tr. 256). Instead, Dr. Tidmore opined that plaintiff had

osteoarthritis and fibromyalgia (Tr. 256).

In September 2006, Dr. Lynn Lee performed a consultative examination (Tr. 268-70). Dr. Lee reported essentially normal findings except that she noted that plaintiff walked with a limp to the right and left shoulder (Tr. 270). On examination, plaintiff had normal 5/5 motor strength in all extremities (Tr. 270). Dr. Lee also completed a *Medical Assessment of Ability to Do Work –Related Activities (Physical)* (Tr. 273-75). Dr. Lee opined that plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, stand and walk for six hours, sit for six hours, and frequently balance, stoop, crouch, kneel, crawl and climb (Tr. 273-74). Dr. Lee said plaintiff had normal reaching, handling, fingering and feeling abilities (Tr. 274). Dr. Lee also said plaintiff was limited in pushing and pulling with both arms and legs and must avoid exposure to hazards such as unprotected heights and moving machinery (Tr. 273-75). Dr. Lee did not find plaintiff disabled. The ALJ's residual functional capacity finding of light work is consistent with Dr. Lee's findings (Tr. 17, finding no. 5, 273-75).

*Light Work*

Plaintiff also contends that he cannot perform at least one of the jobs identified by the vocational expert, that of parking lot attendant, because he must avoid working around moving machinery, and vehicles are classified as such. However, the vocational expert identified a parking lot cashier, not attendant. (Tr. 320-321).

According to the U.S. Dep't of Labor, *Dictionary of Occupational Titles* # 211.462-010 (4th ed. 1991) (DOT), a parking lot cashier does not require plaintiff to drive or working around moving machinery. The DOT specifically states that working in proximity to moving mechanical parts or in other environmental conditions is not present.

*New Evidence*

Plaintiff alleges that new evidence justifies remand for consideration by the Commissioner. New evidence submitted to the Appeals Council subsequent to the ALJ's decision is part of the administrative record. Keeton v. Dept. of Health and Human Services, 21 F.3d 1064 (11th Cir. 1994). The court may review this additional evidence to determine whether it warrants a remand. 42 U.S.C. § 405(g). To obtain a remand, however, the plaintiff must show that: 1) the evidence is new and noncumulative; 2) the evidence is material; and 3) there was good cause for failure to submit the evidence to the ALJ. Caulder v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986). Material evidence is that which has a reasonable possibility of altering the ALJ's decision. Wright v. Heckler, 734 F.2d 696 (11th Cir. 1984).

The additional evidence basically consists of medical records from March of 2008 regarding a showing a diagnosis of fibromyalgia and chronic leg pain and prescription medication. (Doc. 19). The ALJ's decision is dated June 2007.

"Congress plainly intended that remands for good cause should be few and far between...." Evangelista v. Secretary of Health and Human Services, 826 F.2d 136, 141 (1st Cir.1987). "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later- acquired disability or of the subsequent deterioration of the previously non- disabling condition." Szubak v. Secretary, 745 F.2d 831, 834 (3d Cir.1984) (cited for authority in Milano v. Bowen, 809 F.2d 763, 767 (11 th Cir.1987)). In Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir.1986)), the court reviewed the legislative history of the 1980 amendments which tightened the requirement for remand on the

8

basis of new evidence and concluded that "Congress intended to preclude introduction of evidence pertaining to new impairments or worsening conditions". <u>Caulder</u> at 876.

The new evidence submitted is not relevant to the time period considered by the ALJ and is therefore not material. The new evidence submitted may indicate a worsening of plaintiff's condition, but is not relevant to the time period before the ALJ and therefore is not material. The appropriate remedy when a claimant believes her condition has deteriorated subsequent to the ALJ's decision is to file a new application. Plaintiff's motion to submit additional evidence (doc. 19) should therefore be **DENIED**. It is so recommended.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 10th day of July, 2008.

                                      //S Richard L. Hodge
                                      RICHARD L. HODGE
msd                               UNITED STATES MAGISTRATE JUDGE